GoDaddy.com, Inc.
Tracy Carlson (AZ Bar No. 019018)
14455 N. Hayden Rd., Suite 219
Scottsdale, Arizona 85260
Telephone: (480) 624-2560
Email: tlcarlson@godaddy.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CASEY CORBIN, TOBY HARRIS, ALAN REESER, | ) ) ) | No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | **INDEX OF EXHIBITS ATTACHED TO NOTICE OF REMOVAL** |
| GODADDY.COM, INC., an Arizona corporation, | ) ) ) | |
| Defendant. | ) ) | |

    A.    Summons (May 20, 2010)

    B.    Complaint (May 20, 2010)

    C.    Certificate of Compulsory Arbitration (May 20, 2010)

EXHIBIT A

1 | **LORONA STEINER DUCAR, LTD.**
3003 North Central Avenue, Suite 1500
2 | Phoenix, Arizona 85012-2909
Telephone: (602) 277-3000
3 | Facsimile: (602) 277-7478



4 | Jess A. Lorona, #009186
Katherine E. Flaherty #024303

5 |

6 | **Attorneys for Plaintiffs**

7 |

8 | IN THE SUPERIOR COURT OF ARIZONA

COUNTY OF MARICOPA

9 |

10 | **CASEY CORBIN; TOBY HARRIS;
ALAN REESER,**

CASE NO. CV2010-016149

11 |

Plaintiffs,

**CIVIL SUMMONS**

12 |

13 | vs.

14 | **GODADDY.COM, INC.,** an Arizona
corporation,

15 |

Defendant.

*IF YOU WANT THE ADVICE OF A
LAWYER, YOU MAY WANT TO CONTACT
THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ON-LINE AT
WWW.LAWYERFINDERS.ORG. LRIS IS
SPONSORED BY THE MARICOPA
COUNTY BAR ASSOCIATION.*

16 |

17 | **THE STATE OF ARIZONA TO:   GODADDY.COM, INC.**
c/o Sherry Delgado, Statutory Agent
14455 North Hayden Rd. #219
Scottsdale, Arizona 85260

18 |

19 | **YOU ARE HEREBY SUMMONED** and required to appear and defend,

20 | within the time applicable, in this action in this Court. If served within Arizona you

21 | shall appear and defend within twenty (20) days after the service of the Summons and

22 | Complaint upon you, exclusive of the day of service. If served out of the State of

23 | Arizona – whether by direct service, by registered or certified mail, or by publication

24 | -- you shall appear and defend within thirty (30) days (45 if out of state) after the

25 |

1

1  service of the Summons and Complaint upon you is complete, exclusive of the day of

2  service. Where process is served upon the Arizona Director of Insurance as an

3  insurer's attorney to receive service of legal process against it in this State, the insurer

4  shall not be required to appear, answer or plead until expiration of forty (40) days after

5  date of such service upon the Director. Service by registered or certified mail without

6  the State of Arizona is complete thirty (30) days after the date of filing the receipt and

7  affidavit of service with the Court. Service by publication is complete (30) days after

8  

9  the date of first publication. Direct service is complete when made. Service upon the

10  Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the

11  Affidavit of Compliance and return receipt or Officer's Return. **PCP; A.R.S. 20-222,**

12  **28-502, 28-503.**

13      **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and

14  defend within the time applicable, judgment by default may be rendered against you

15  

16  for the relief demanded in the Complaint.

17      **YOU ARE CAUTIONED** that in order to appear and defend, you must file an

18  Answer or proper fee, within the time required, and you are required to serve a copy

19  of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); A.R.S. 12-311;**

20  **RCP 5.**

21  / / /

22  / / /

23  / / /

24  / / /

25  

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

2

1  **REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS**

2  **WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO**

3  **THE CASE BY PARTIES AT LEAST THREE JUDICIAL DAYS IN**

4  **ADVANCE OF A SCHEDULED COURT PROCEEDING.**

5     The name and address of Plaintiffs' attorney is:

6

7     Jess A. Lorona
      Katherine E. Flaherty
8     LORONA STEINER DUCAR, LTD.
      3003 North Central, Suite 1500
9     Phoenix, Arizona 85012
      Telephone: (602) 277-3000

10    SIGNED AND SEALED this date: _____

11                                        MAY 2 0 2010

12                                    _____
                                         Deputy Clerk
13

14

15

16

17

18

19

20

21

22

23

24

25

3

EXHIBIT B



1  **LORONA STEINER DUCAR, LTD.**
   3003 North Central Avenue, Suite 1500
2  Phoenix, Arizona 85012-2909
   Telephone: (602) 277-3000
3  Facsimile: (602) 277-7478

4  Jess A. Lorona, #009186
   Katherine E. Flaherty #024303
5

6  **Attorneys for Plaintiffs**

7

8              **IN THE SUPERIOR COURT OF ARIZONA**

              **COUNTY OF MARICOPA**
9

10 | CASEY CORBIN; TOBY HARRIS; | CASE NO.   CV2010-016149
   | ALAN REESER, |
11
              Plaintiffs,          **COMPLAINT- CLASS ACTION**
12
   vs.
13
14 **GODADDY.COM, INC.,** an Arizona
   corporation,
15
              Defendant.
16

       Plaintiffs, individually and on behalf of all others similarly situated, for their
17
   claims against Defendant, allege upon personal knowledge as to themselves and upon
18
   information and belief as to other members of the class, as follows:
19

20              **JURISDICTION/VENUE**

21     1.    Plaintiff Casey Corbin ("Corbin") was, at all times relevant herein, a

22 resident of the State of Arizona, County of Maricopa.

23     2.    Plaintiff Toby Harris ("Harris") is a resident of the State of Arizona,

24 County of Maricopa.

25

RECEIVED
MAY 2 0 2010

COPY
MAY 2 0 2010
DEPUTY CLERK

(sidebar, left margin) **LORONA STEINER DUCAR, LTD.**
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-2909
(602) 277-3000

1

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

3.   Plaintiff Alan Reeser ("Reeser") is a resident of the State of Arizona, County of Maricopa.

4.   Defendant GoDaddy.com, Inc. ("GoDaddy"), is an Arizona corporation conducting business in the State of Arizona, County of Maricopa.

5.   All acts alleged herein occurred within the State of Arizona, County of Maricopa.

6.   Personal jurisdiction and subject matter jurisdiction are proper before this Court.

7.   Venue is proper pursuant to Arizona Revised Statutes ("A.R.S.") § 12-401.

**GENERAL ALLEGATIONS**

8.   Plaintiffs incorporate each and every allegation set forth above as if more fully set forth herein.

9.   Plaintiff Corbin was employed by GoDaddy as an Inbound Technical Sales and Support Specialist from approximately August 7, 2007, to approximately March 17, 2010.

10.   Plaintiff Corbin's starting wage was $12.00 per hour, and his hourly rate was $13.50 when he was let go from his employment with GoDaddy.

11.   Plaintiff Harris was employed by GoDaddy as an Inbound Technical Sales and Support Specialist from approximately November 2, 2009, to approximately February 7, 2010.

/ / /

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
3003 NORTH CENTRAL AVENUE SUITE 1500
PHOENIX CORPORATE CENTER
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

12.    Plaintiff Harris's wage was $12.00 per hour throughout his employment with GoDaddy.

13.    Plaintiff Reeser was employed by GoDaddy as an Inbound Technical Sales and Support Specialist from approximately July 27, 2006, to approximately January 29, 2010.

14.    Plaintiff Reeser's starting wage was $12.50, and his hourly rate was $15.80 when he was let go from his employment with GoDaddy. Plaintiff Reeser's starting wage reflects an additional $.50 for working "second shift."

15.    GoDaddy advertises that individuals employed as Inbound Technical Sales and Support Specialists beginning salaries are "$12.00 per hour + bonus to start," that they are eligible for bonus pay even during training and that average earnings are between $35,000.00 and $45,000.00 per year.

16.    GoDaddy e-mails its Inbound Technical Sales and Support Specialists a spreadsheet of bonus period numbers on a bi-weekly basis.

17.    During training, employees are presented with a complex bonus structure which is not provided to them in writing.

18.    Bonus payments are based upon total sales, however, GoDaddy selectively refuses bonuses to employees regardless of sales numbers on the basis of a "Quality Assurance" factor which is, upon information and belief, subjective and arbitrary.

19.    Plaintiffs were each denied earned bonuses based on a subjective Quality Assurance factor applied at will by GoDaddy.

3

20. On or about February 1, 2010, at Plaintiff Harris's request, Plaintiff Harris met with Brett Snyder, the Manager of Employee Relations for GoDaddy, to discuss the wrongful withholding of bonus payments.

21. Plaintiff Corbin was present at that meeting.

22. Prior to the meeting, Mr. Snyder assured Harris that the meeting was not an investigative meeting where there could be possible disciplinary action and that the meeting was concerned with policy interpretation.

23. At the February 1, 2010 meeting, Harris presented Mr. Snyder with a "screen-shot" depicting an e-mail message sent to Harris and other GoDaddy employees showing their production numbers and Quality Assurance evaluations.

24. The screen-shot showed that Harris had the highest sales volume for that bonus period but was denied a bonus based solely on the subjective Quality Assurance factor.

25. Harris also provided Mr. Snyder with an e-mail from Harris's GoDaddy e-mail account to his personal e-mail account showing Harris's commission report (the "CRM") for the same period.

26. Harris questioned the legality of withholding bonuses earned through sales production on the basis of a subjective factor.

27. On February 7, 2010, six (6) days after this meeting, Harris was terminated.

/ / /

/ / /

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 271-3000

4

28.     GoDaddy stated that a reason for terminating Harris was his violation of GoDaddy policy by e-mailing the CRM screen shot to his personal e-mail address as well as e-mailing other company policies to outside e-mail addresses.

29.     Plaintiffs were often asked to work overtime for GoDaddy at one and one-half times their normal rates of pay.

30.     In calculating the Plaintiffs' overtime pay rates, GoDaddy excluded the Plaintiffs' non-discretionary bonus payments from their normal rates of pay.

## CLASS ALLEGATIONS

31.     **The Class.** Pursuant to Rule 23 of the Arizona Rules of Civil Procedure, Plaintiffs bring this action for themselves on behalf of a class (the "Class") initially defined as follows:   All current and former employees of Defendant who were employed as Inbound Technical Sales and Support Specialist and entitled to bonus payments based on performance but were denied such bonus payments on the basis of a subjective and arbitrary Quality Assurance factor, have worked overtime for Defendant and whose normal rate of pay for overtime payment purposes was calculated by excluding non-discretionary bonus payments.  Excluded from the class are Defendant, any entity in which Defendant has a controlling interest and any heirs, successors, and assignees of Defendant, and any judge assigned to hear this action

32.     **Numerosity.**  The Class members are so numerous that joinder of all is impractical.  Plaintiffs estimate that the Class consists of thousands of people.  The names and addresses of the Class members are identifiable through documents

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

1  maintained by Defendant, and the class members may be notified of the pendency of

2  this action by published and/or mailed notice.

3      33.   **Existence and Predominance of Questions of Law and Fact.**

4  Common questions of law and fact exist to all members of the Class. These questions

5  predominate over the questions affecting only individual members. These common

6  legal and factual questions include, among other things:

8      a.  Whether Defendant's bonus system with regard to Inbound

9          Technical Sales and Support Specialists is non-discretionary.

10     b.  Whether Defendant wrongfully withheld bonus payments from

11         Plaintiffs by employing a subjective and arbitrary Quality Assurance

12         factor to deny earned bonus payments.

13     c.  Whether Defendant improperly calculated its employees' normal

14         rates of pay for purposes of overtime pay by excluding non-

15         discretionary bonuses.

17     d.  Whether Defendant has violated the Fair Labor Standards Act by

18         withholding certain overtime payments from its employees.

19     e.  Whether Defendant has violated A.R.S. 23-355 by withholding

20         wages from its employees.

22     34.   **Typicality.** Plaintiffs' claims are typical of the claims of each of the

23  Class members. Plaintiffs are entitled to relief under the same cause(s) of action as

24  the other members of the Class.

25  / / /

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

6

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

35.   **Adequacy.**  Plaintiffs are adequate representatives of the Class because their interests coincide with and are not antagonistic to the interests of the members of the class they seek to represent.  They have retained counsel competent in complex class action litigation and they intend to pursue this action vigorously.  The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

36.   **Superiority.**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods of fair and efficient adjudication of the controversy.  The damages suffered by each Class member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for members of the Class to redress effectively the wrongs done to them on an individual basis.  Even if the members of the Class could afford such individual litigation, it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent and contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

37.   **Injunctive Relief Is Appropriate for The Class.**  Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class,

making appropriate relief with respect to Plaintiffs and the Class members. Specifically, Plaintiffs seek relief in the form of a Court order mandating that: (1) Defendant properly include all non-discretionary bonuses when calculating its employees regular rates of pay for overtime payment purposes; (2) Defendant cease employing a subjective and arbitrary Quality Assurance factor to deny employees earned bonus payments and (3) Defendant compensate all Class members for improperly withheld bonuses and overtime payments.

## COUNT ONE
### (Violation of the Fair Labor Standards Act As To All Plaintiffs and Class)

38.     Plaintiffs incorporate each and every allegation set forth above as if more fully set forth herein.

39.     GoDaddy employed a non-discretionary bonus system pursuant to which its employees were to receive bonus payments based upon sales volume.

40.     Plaintiffs relied upon the promise of bonuses in completing their work for GoDaddy.

41.     GoDaddy wrongfully withheld overtime pay from the Plaintiffs by excluding the Plaintiffs' non-discretionary bonus payments from their normal rates of pay for purposes of calculating their overtime pay in violation of 29 U.S.C. § 207(a) and (e)(3).

42.     That all conditions precedent and subsequent to the liability of GoDaddy to Plaintiffs have been performed or have occurred.

/ / /

LORONA, STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

8

LORONA, STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3908
(602) 277-3000

43.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to their unpaid overtime compensation.

44.     GoDaddy's failure to pay overtime to the Class was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the Fair Labor Standards Act.   Alternatively, should the Court find that GoDaddy did not act willfully in failing to pay overtime pay, the Class is entitled to an award of prejudgment interest at the applicable legal rate.

45.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs incurred herein.

## COUNT TWO
### (Violation of A.R.S. § 23-355 As To All Plaintiffs and Class)

46.     Plaintiffs incorporate each and every allegation set forth above as if more fully set forth herein.

47.     Plaintiffs each had an enforceable contract with GoDaddy pursuant to which each Plaintiff agreed to work for GoDaddy and GoDaddy agreed to pay each Plaintiff their respective hourly rate plus bonuses calculated on a bi-weekly basis.

48.     GoDaddy advertises that individuals employed as Inbound Technical Sales and Support Specialists beginning salaries are "$12.00 per hour + bonus to start," that they are eligible for bonus pay even during training and that average earnings are between $35,000.00 and $45,000.00 per year.

49.     During training, employees are presented with a complex bonus structure which is not provided to them in writing.

50.     GoDaddy employed a non-discretionary bonus system pursuant to which its employees were to receive bonus payments based upon sales volume.

51.     Plaintiffs relied upon the promise of bonuses in completing their work for GoDaddy.

52.     GoDaddy wrongfully withheld bonus payments from Plaintiffs by employing a subjective and arbitrary Quality Assurance factor to deny earned bonus payments.

53.     A.R.S. § 23-355 provides that an employee may bring a civil action against an employer and may recover from an employer an amount that is treble the amount of the unpaid wages that are owed to the employee.

54.     Pursuant to A.R.S. § 23-350(5), "wages" includes all "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid," such as bonuses.

55.     Plaintiffs are entitled to treble the amount of their unpaid bonuses.

56.     Plaintiffs are also entitled to treble the amount of their damages under Count One above.

57.     All conditions precedent and subsequent to the liability of Defendant to Plaintiffs have been performed or have occurred.

/ / /

10

58.     This is an action arising out of contract, and by virtue of the provisions of A.R.S. §12-341.01, Plaintiffs are entitled to an award of their reasonable attorneys' fees for the bringing of this action.

## COUNT THREE
### (Wrongful Termination As To Plaintiff Harris)

59.     A.R.S. § 23-351 requires employers to pay their employees all wages due on dates which are set in fixed intervals in compliance therewith.

60.     GoDaddy refused to pay Plaintiff Harris certain bonus payments he had earned based on his sales production on the basis of a subjective Quality Assurance factor.

61.     Plaintiff Harris approached Brett Snyder, the Manager of Employee Relations for GoDaddy, regarding Harris's reasonable belief that GoDaddy had violated and continued to violate Arizona law by wrongfully withholding earned bonuses.

62.     Mr. Snyder had, and Harris reasonably believed Mr. Snyder had, the authority to investigate the information provided by Harris and to take action to prevent further violations of Arizona law.

63.     In violation of A.R.S. § 23-1501, GoDaddy terminated Harris's employment based upon his disclosure that he reasonably believed GoDaddy had violated and continued to violate Arizona law.

/ / /

/ / /

11

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-2909
(602) 277-2000

64.   Additionally, actions by GoDaddy were done with such an evil mind and willful intent to harm Plaintiff Harris in such a way that Plaintiff Harris is entitled to recover punitive damages for the misconduct.

65.   As a direct and consequential result of these acts, Plaintiff Harris has been damaged in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs and the members of the Class pray for the following as to Counts One and Two:

1.   An order certifying the proposed class herein under Arizona Rule of Civil Procedure 23 and appointing Plaintiffs as class representatives and appointing Plaintiffs' undersigned counsel as class counsel;

2.   Injunctive relief pursuant to federal and state law requiring that Defendant (1) properly include all non-discretionary bonuses when calculating its employees' normal rates of pay for overtime payment purposes; and (2) cease employing a subjective and arbitrary Quality Assurance factor to deny employees earned bonus payments;

3.   Judgment against Defendant GoDaddy.com, Inc. in an amount to be determined at trial to compensate Plaintiffs and all Class members for improperly withheld bonuses and overtime payments, trebled pursuant to A.R.S. § 23-355, together with interest thereon at the rate of 10% per annum from the date of Judgment until paid;

/ / /

/ / /

12

4.     Alternative to treble damages pursuant to A.R.S. § 23-355, an award of liquidated and/or punitive damages as a result of GoDaddy's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

5.     An award of prejudgment and post-judgment interest;

6.     Plaintiffs' costs incurred herein and all accruing costs;

7.     Plaintiffs' reasonable attorneys' fees; and

8.     Such other and further relief as the Court may deem just and proper.

**FURTHER**, Plaintiff Harris prays for the following as to Count Three:

1.     For payment of lost earnings in an amount to be determined at trial;

2.     For punitive damages in an amount to be determined at trial;

3.     For Plaintiff Harris's costs incurred herein and all accruing costs; and

4.     Such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this *10th* day of May, 2010.

LORONA STEINER DUCAR, LTD.

BY: *Katherine E. Flaherty*
        Jess A. Lorona
        Katherine E. Flaherty
        Attorneys for Plaintiffs

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

13

EXHIBIT C

**LORONA STEINER DUCAR, LTD.**
3003 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-2909
Telephone: (602) 277-3000
Facsimile: (602) 277-7478

Jess A. Lorona, #009186
Katherine E. Flaherty #024303

**Attorneys for Plaintiffs**

## IN THE SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| CASEY CORBIN; TOBY HARRIS; ALAN REESER, | CASE NO.   CV2010-016149 |
| Plaintiffs, | **CERTIFICATE ON COMPULSORY ARBITRATION** |
| vs. | |
| GODADDY.COM, INC., an Arizona corporation, | |
| Defendant. | |

The undersigned certifies that Plaintiffs seek an equitable remedy, to wit, injunctive relief. This case is not subject to compulsory arbitration pursuant to Rule 72 – 76, Arizona Rules of Civil Procedure.

/ / /

/ / /

/ / /

/ / /

/ / /

1

1

**RESPECTFULLY SUBMITTED** this _20th_ day of May, 2010.

2

LORONA STEINER DUCAR, LTD.

3

4

BY: _Katherine F. Flaherty_

5
Jess A. Lorona

6
Katherine E. Flaherty
Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

2