1   **WO**

2   NOT FOR PUBLICATION

3

4

5

6   IN THE UNITED STATES DISTRICT COURT

7   FOR THE DISTRICT OF ARIZONA

8

9   Casey Corbin, et al.,                    )   No. CV-10-1313-PHX-GMS
                                             )
10          Plaintiffs,                      )   **ORDER**
                                             )
11   vs.                                     )
                                             )
12                                           )
    GoDaddy.com,  Inc.,  an  Arizona)
13   corporation,                            )
                                             )
14          Defendant.                       )
                                             )
15   _____)

16

17          Pending before the Court are a Motion to Dismiss (Doc. 20) Counts one and two of

18   Plaintiffs' First Amended Complaint (Doc. 19) and a  Motion to Strike (Doc. 23), filed by

19   Defendant GoDaddy.com, Inc. ("GoDaddy").[1] After reviewing the pleadings, and having

20   determined that oral argument is unnecessary,[2] the Court grants the Motion to Dismiss and

21   the Motion to Strike.

22

23   _____

24          [1] Defendant's first Motion to Dismiss (Doc. 7) is moot because Defendant relies on
    the same arguments in its second Motion to Dismiss (Doc. 20), which was filed after
25   Plaintiffs amended their complaint.

26          [2]  Defendant's request for oral argument is denied because the parties have had an
27   adequate opportunity to present their written arguments, and oral argument will not aid the
    Court's decision. *See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d
28   724, 729 (9th Cir. 1991).

**BACKGROUND**

Plaintiffs Casey Corbin, Christopher Flournoy, Toby Harris, Benny Henriksen, Alan Reeser, John Does 1-100, and Jane Does 1-100 (collectively "Plaintiffs") allege the following. (Doc. 19). Plaintiffs were employed by Defendant GoDaddy, an Arizona corporation, as Inbound Technical Sales and Support Specialists for various periods of time between 2004–2010. GoDaddy enticed potential employees with advertisements promising that Inbound Technical Sales and Support Specialists have salaries of "$12.00 per hour + bonus to start" and that they are eligible for bonus pay during training. GoDaddy advertises that average earnings for these employees is between $35,000 and $45,000 per year and that top earners earn $60,000 per year. During training, employees are presented with a matrix showing that they will earn bonus payments through the sale of products and services. At times GoDaddy refers to the bonus payments as commission payments. (Doc. 19, Ex. 1). Plaintiffs relied upon the promise of bonuses/commissions in completing their work for GoDaddy and reasonably expected to receive such payments based on their sales volume.

Plaintiffs assert the following claims: 1) violation of the Fair Labor Standards Act ("FLSA") as to all Plaintiffs and all similarly situated individuals opting in because GoDaddy wrongfully withheld overtime pay from Plaintiffs by excluding their non-discretionary bonus payments from their normal rates of pay for purposes of calculating overtime pay pursuant to 29 U.S.C. § 207(a) and (e)(3); 2) violation of A.R.S. § 23-355 as to all Plaintiffs and the state class for denying them earned bonuses based on employment of a subjective and arbitrary "Quality Assurance" factor, which was applied at will by GoDaddy; and 3) wrongful termination of Plaintiff Harris. Defendant moves to dismiss Counts one and two.

**DISCUSSION**

**I.      Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

1  550 U.S. 544, 555 (2007).  While "a complaint need not contain detailed factual allegations

2  . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"

3  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*,

4  550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content

5  that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550

7  U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a

8  defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent

9  with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

10  entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

11  Similarly, legal conclusions couched as factual allegations are not given a presumption of

12  truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient

13  to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). When

14  analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of

15  material fact are taken as true and construed in the light most favorable to the nonmoving

16  party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Courts generally will not

17  consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6)

18  motion to dismiss. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).[3]

19  **II.    Analysis**

20      **A.    Count One: Violation of Fair Labor Standards Act**

21      Count one is an FLSA claim, brought on behalf of Plaintiffs and "[a]ll current and

22  former GoDaddy employees who were employed as Inbound Technical Sales and Support

23  Specialists and who have received or been entitled to receive bonus payments and have

24

25

26      [3] Accordingly, Defendant's Motion to Strike the exhibits attached to Plaintiffs' Response and the new factual allegations contained therein is granted. (Doc. 23).  Pursuant to Federal Rule 12(d), the Court disregards "matters outside the pleadings," including the four earnings statements attached to the Response (Doc. 21, Ex. A), and the factual allegations presented for the first time in the Response. (Doc. 23).

27

28

1   worked overtime for Defendant and whose normal rate of pay for overtime payment purposes

2   was calculated by excluding non-discretionary bonus payments." (Doc. 19, ¶ 39). Count one

3   alleges that "GoDaddy wrongfully withheld overtime pay from the Plaintiffs by excluding

4   the Plaintiffs' non-discretionary bonus payments from their normal rates of pay for purposes

5   of calculating their overtime pay in violation of 29 U.S.C. § 207(a) and (e)(3)." (*Id*. at ¶ 56).

6         The FLSA provides that a covered employer shall not employ any employee "for a

7   workweek longer than forty hours unless such employee receives compensation for his

8   employment in excess of the hours above specified at a rate not less than one and one-half

9   times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA defines

10  "regular rate" as "all remuneration for employment", but excluding payment in which "both

11  the fact that payment is to be made and the amount of the payment are determined at the sole

12  discretion of the employer at or near the end of the period and not pursuant to any prior

13  contract, agreement, or promise causing the employee to expect such payments regularly."

14  29 U.S.C. § 207(e)(3) (emphasis added).

15        Even viewing the Complaint in the light most favorable to Plaintiffs, the Court finds

16  that Plaintiffs have not pled sufficient facts to establish a FLSA claim. In their general

17  allegations Plaintiffs assert the following facts, which they subsequently incorporate into

18  their specific claims: (1) "During training, employees are presented with a complex bonus

19  structure which is not provided to them in writing." (Doc. 19, ¶ 22); (2) "The amount of each

20  employee's bonus payments is based upon total sales, however, GoDaddy selectively refuses

21  bonuses to employees regardless of sales numbers on the basis of a 'Quality Assurance'

22  factor which is, upon information and belief, subjective and arbitrary." (*Id*. at ¶ 23); and (3)

23  "Plaintiffs were denied bonuses based on a subjective Quality Assurance factor applied at

24  will by GoDaddy." (*Id*. at ¶ 24). The foregoing allegations appear to admit that a subjective

25  Quality Assurance factor was part of the bonus formula. In such a circumstance, both the fact

26  and the amount of GoDaddy's bonus payments were in the sole discretion of the employer.

27  Thus, Plaintiffs fail to state a plausible claim pursuant to 29 U.S.C. § 207(e)(3). To the

28  contrary, the allegations strongly suggest that the bonus payments, which were selectively

- 4 -

1  denied to employees on the basis of a subjective and arbitrary Quality Assurance factor, fall

2  squarely within GoDaddy's discretion. Plaintiffs' assertion, despite this admission, that the

3  bonus system is non-discretionary, as defined in 29 U.S.C. § 207(e), (Doc. 19, ¶ 52), is also

4  insufficient to support their claim because it constitutes a legal conclusion that appears to be

5  contradicted by Plaintiffs' own factual allegations.[4]

6        Accordingly, Plaintiffs have not pled sufficient facts to demonstrate that Defendant's

7  exclusion of the bonus payments in calculating overtime pay could plausibly be in violation

8  of the FLSA. Specifically, they have failed to allege facts to establish that the term "regular

9  rate," as defined under the FLSA, could be inclusive of GoDaddy's bonus payments, which

10  as alleged by Plaintiffs, were contingent upon a subjective and arbitrary factor. Because

11  Plaintiffs' factual allegations with respect to their FLSA claim are insufficient to state a claim

12  to relief that is plausible on its face, Count one is dismissed, with leave to amend.

13        **B.**    **Count Two: Violation of A.R.S. § 23-355**

14        Count two of Plaintiffs' Amended Complaint alleges that "GoDaddy wrongfully

15  withheld bonus payments from Plaintiffs by employing a subjective and arbitrary Quality

16  Assurance factor to deny earned bonus/commission payments." (Doc. 19, ¶ 68).  Similar to

17  Count one, Defendant seeks dismissal of this count on grounds that it fails to state a plausible

18  claim where Plaintiffs themselves have acknowledged the discretionary nature of any

19  bonuses.

20        A.R.S. § 23-355 provides that "if an employer . . . fails to pay wages due any

21  employee, the employee may recover in a civil action against an employer or former

22  employer an amount that is treble the amount of the unpaid wages." Under § 23-350(5),

23

24        [4] Defendant additionally contends that this count should be dismissed because

25  Plaintiffs have "failed to assert that they received any bonus payments during any of the same
weeks in which they also worked overtime . . . and if Plaintiffs did not earn any bonuses

26  during the same weeks when they worked overtime, there cannot be an FLSA violation."
(Doc. 20). Defendant's argument is unpersuasive because at this stage of the litigation

27  Plaintiffs need not plead such highly specific factual allegations. Nonetheless, for the reasons

28  addressed above, Plaintiffs have failed to allege sufficient facts to state a FLSA claim.

1  "wages" means:

2
> nondiscretionary compensation due an employee in return for labor or services
3
> rendered by an employee for which the employee has a reasonable expectation
> to be paid whether determined by a time, task, piece, commission or other
4
> method of calculation. Wages include . . . commissions, bonuses and other
> amounts promised when the employer has a policy or practice of making such
5
> payments.

6  Plaintiffs contend that the application of a "subjective and arbitrary Quality Assurance

7  Factor" does not render the bonus payments discretionary for purposes of A.R.S. § 23-355.

8  (Doc. 19, ¶ 68). The Court respectfully disagrees. While A.R.S. § 23-350(5) expressly

9  includes "bonuses" in its definition of "wages," the bonuses must qualify as

10 "nondiscretionary compensation" in order to fall within the scope of the statute.

11      By its terms, A.R.S. § 23-355 "subjects an employer to treble damages for failing to

12 pay nondiscretionary compensation for labor or services actually performed *and* for which

13 the employee had a reasonable expectation, no matter how the compensation is calculated

14 or whether labeled as wages, sick pay, vacation pay, severance pay, commissions or

15 bonuses." *Schade v. Diethrich*, 158 Ariz. 1, 13, 760 P.2d 1050, 1062 (1988) (emphasis

16 added) (citing *Abrams v. Horizon Corp*., 137 Ariz. 73, 77, 669 P.2d 51, 55 (1983)). Like the

17 FLSA, the bonus payments must qualify as "nondiscretionary compensation" in order to fall

18 within the scope of the Arizona wage statute. Here, Plaintiffs have conceded that "GoDaddy

19 selectively refuses bonuses to employees regardless of sales numbers on the basis of a

20 'Quality Assurance' factor which is, upon information and belief, subjective and arbitrary."

21 (Doc. 19, ¶ 23). Such a factual allegation indicates that the bonus payments were contingent

22 upon a "subjective and arbitrary" Quality Assurance score, and thus discretionary in nature.

23 Accordingly, Plaintiffs have failed to allege sufficient facts to demonstrate that the bonus

24 payments fall within the scope of "wages" as defined by A.R.S. § 23-350(5), and therefore

25 the claim is dismissed, with leave to amend.

/ / /

26

27

28

1

**CONCLUSION**

2      Defendant's Motion to Dismiss is granted with respect to Counts one and two.

3 Plaintiffs have failed to state a claim against Defendant with regard to both counts. At the

4 same time, the Court "should freely give leave [to amend] when justice so requires." FED.

5 R. CIV. P. 15(a)(2). The Ninth Circuit has characterized this as a standard of "extreme

6 liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (internal

7 quotation marks omitted). Given that Plaintiffs may be able to allege sufficient facts with

8 regard to Counts one and two, dismissal is with leave to amend. However, this is

9 Plaintiffs' final opportunity to amend their Complaint.

10      **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is

11 **DENIED** as moot.

12      **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is

13 **GRANTED**. Counts one and two are dismissed.

14      **IS IT FURTHER ORDERED** that Plaintiffs may file an Amended Complaint

15 **within 15 days** of the date of this Order.

16      **IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 23) is

17 **GRANTED**.

18      **DATED** this 2nd day of March, 2011.

19

20      *A. Murray Snow*
             G. Murray Snow

21      United States District Judge

22

23

24

25

26

27

28