**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Toby Harris, | ) | No. CV-10-1313-PHX-SMM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| GoDaddy.com, Inc., | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff's motion to vacate Order granting withdrawal of Plaintiff's counsel and motion to vacate Order denying Plaintiff's motion for remand. (Doc. 125.) Defendant has responded and Plaintiff has replied. (Docs. 131, 133.) Plaintiff *pro per* Toby Harris asks the Court to reconsider its prior Order (Doc. 124); Plaintiff's request will be denied.

Also pending before the Court is Plaintiff's motion to dismiss his allegations of wrongful termination pursuant to 29 U.S.C. § 215(a)(3) and to remand this matter to state court. (Doc. 126.) Defendant has responded and Plaintiff has replied. (Docs. 130, 132.) The Court will grant this motion.

Background

Previously, this Court denied Plaintiffs' motion for conditional certification of their collective action motion under the Fair Labor Standards Act ("FLSA"). (Doc. 100.)

1  Subsequently the parties stipulated to dismissing with prejudice counts one and two of
2  Plaintiffs' second amended complaint with each party to bear their own costs and attorney's
3  fees. (Doc. 108.)  Following the dismissal of counts one and two (Doc. 109), only count
4  three remained, Plaintiff Toby Harris's wrongful termination claim based on alleged
5  violations of 29 U.S.C. § 215(a)(3), A.R.S. § 23-1501 and A.R.S. § 23-364. (See Doc. 35.)
6  Following the dismissal of counts one and two, the other Plaintiffs, Casey Corbin,
7  Christopher Flournoy, Benny Henriksen and Alan Reeser no longer had any further claims
8  in the action and were dismissed; Toby Harris remained as Plaintiff. (Docs. 108, 109.) At
9  the same time, due to the Court's denial of Plaintiffs' motion for conditional certification for
10 FLSA collective action, counsel for Plaintiffs moved to withdraw, which was granted.
11 (Docs. 107, 124.)  Plaintiff Harris, *pro per*, first asks the Court to reconsider its Order
12 allowing counsel to withdraw.  Next, he moves to dismiss his lone federal allegation under
13 the FLSA and remand this matter to state court.

14 Discussion

15 *Plaintiff's Reconsideration Motion*

16 Motions for reconsideration should be granted only in rare circumstances. Defenders
17 of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is
18 appropriate if the district court (1) is presented with newly discovered evidence, (2)
19 committed clear error or the initial decision was manifestly unjust, or (3) if there is an
20 intervening change in controlling law." School Dist. No. 1 J, Multnomah County v. ACandS,
21 Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of
22 asking a court " 'to rethink what the court had already thought through--rightly or wrongly.'
23 " Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon
24 Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)).

25 Plaintiff has not established grounds for reconsideration.  Rather, Plaintiff has
26 rehashed the same arguments he submitted in his opposition to his counsel filing for
27 withdrawal. (Doc. 125.)  The Court has already considered Plaintiff's arguments.  A
28

1 reconsideration motion should not be used for the purpose of asking a court " 'to rethink
2 what the court had already thought through--rightly or wrongly.' " Defenders of Wildlife,
3 909 F. Supp. at 1351. Thus, the Court will not vacate its prior Order.

*Rule 41(a)(2) Dismissal*

5 Next, pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff asks the Court to voluntarily
6 dismiss without prejudice count three's wrongful termination allegation pursuant to 29
7 U.S.C. § 215(a)(3) and remand this matter to state court so he may litigate his remaining state
8 claims. (Doc. 126 at 2.) Defendant does not oppose the request but asks that the Court
9 dismiss Plaintiff's FLSA allegation with prejudice. (Doc. 130.) Defendant argues that it is
10 entitled to a dismissal with prejudice because it has conducted significant discovery on
11 Plaintiff's claim and expended considerable attorney's fees. (Id. at 1.) Defendant further
12 requests that the Court award it costs and attorney's fees. (Id. at 2.)

13 Rule 41(a)(2) allows for dismissal by court order upon a plaintiff's request "on terms
14 that the court considers proper." Rule 41(a)(2). A motion for voluntary dismissal under Rule
15 41(a)(2) is addressed to the district court's sound discretion. Stevedoring Servs. of Am. v.
16 Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). Pursuant to Plaintiff's request, the
17 Court will grant his motion to dismiss his 29 U.S.C. § 215(a)(3) allegation in count three.
18 However, the Court in its discretion also finds that such dismissal shall be with prejudice.
19 Defendant has conducted significant discovery and expended considerable attorney's fees
20 on Plaintiff's claim during the course of this litigation.

21 Finally, as to costs and fees, the issue of attorney's fees is not properly before the
22 Court. To the extent that Defendant wishes to pursue an award of attorney's fees and costs,
23 the Court will consider whether such an award is appropriate upon it filing a motion in
24 compliance with LRCiv. 54.2.

*Remand to State Court*

26 Plaintiff argues that if the Court agrees to dismiss his lone remaining federal claim
27 pursuant to 29 U.S.C. § 215(a)(3), the Court will be without subject matter jurisdiction
28 because all that will remain of his case are alleged state law violations. (Doc. 126.)

- 3 -

Consequently and pursuant to 28 U.S.C. § 1447(c), Plaintiff requests that the Court remand this matter to state court. Defendant does not object. (Doc. 130.)

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Removal in this case was based on federal question jurisdiction, 28 U.S.C. § 1331, arising out of Plaintiff's allegations under the FLSA, 29 U.S.C. §§ 207, 215(a)(3). Plaintiff's federal FLSA allegations in counts one and two of his complaint have already been dismissed and the Court will dismiss Plaintiff's FLSA allegation in count three. Consequently, it does appear that the Court now lacks subject matter jurisdiction, and the case shall be remanded to state court. See 28 U.S.C. § 1447(c).

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED granting** Plaintiff's motion to dismiss his allegations of wrongful termination pursuant to 29 U.S.C. § 215(a)(3) and his motion to remand this matter to state court. (Doc. 126.)

**IT IS FURTHER ORDERED dismissing** Plaintiff's allegations pursuant to 29 U.S.C. § 215(a)(3) in Count Three of his Second Amended Complaint **with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Superior Court of the State of Arizona in and for the County of Maricopa.

**IT IS FURTHER ORDERED denying** Defendant's motion for protective order as **moot**. (Doc. 134.)

**IT IS FURTHER ORDERED denying** Plaintiff's motion to reconsider and to vacate

1  this Court's previous order.  (Doc. 125.)
2      DATED this 11th day of June, 2013.

_____
Stephen M. McNamee
Senior United States District Judge

- 5 -