David T. Barton #016848
C. Christine Burns #017108
Benjamin J. Naylor #023968
**BURNSBARTON LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
(602) 753-4500
david@burnsbarton.com
christine@burnsbarton.com
ben@burnsbarton.com
*Attorneys For Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Toby Harris, | No. 2:10-CV-01313-PHX-SMM |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST PLAINTIFF HARRIS** |
| vs. | |
| GoDaddy.com, Inc., an Arizona corporation, | |
| Defendant. | |

Pursuant to Local Rules of Civil Procedure 54.1 and 54.2, Defendant GoDaddy.com, Inc. ("Go Daddy") submits this motion for an award of its attorneys' fees and costs incurred in defending against Plaintiff Toby Harris' Fair Labor Standards Act ("FLSA") wrongful termination claim, which Plaintiff voluntarily dismissed pursuant to Rule 41(a)(2). Plaintiff's wrongful termination claim was frivolous, and he prosecuted this action vexatiously, in bad faith, and with the intent to embarrass, annoy and harass Go Daddy. An award of attorneys' fees and costs against Plaintiff Harris is justified pursuant to Rule 54(d)(1), A.R.S. § 12-341, 28 U.S.C. § 1927 and this Court's inherent authority.

This Motion is supported by the following Memorandum of Points and Authorities, the Affidavit of Benjamin J. Naylor, attached hereto as Exhibit A ("Naylor Aff."), and Go Daddy's Bill of Costs filed contemporaneously herewith.

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      BACKGROUND**

Plaintiff Toby Harris and four other named plaintiffs brought this lawsuit in May 2010, styled as a wage and hour collective action against Go Daddy. [Dkt. 1]. After Go Daddy successfully moved to dismiss Plaintiffs' Complaint with leave to amend [Dkt. 24], Plaintiffs amended their Complaint to assert wage and hour claims on behalf of the class, and wrongful termination claims asserted by Toby Harris individually. [Dkt. 35]. Go Daddy has vigorously defended against Plaintiffs' claims, and has obtained successful results every step of the way. Go Daddy initially dismissed Plaintiffs' Complaint with leave to amend [Dkt. 24]; it defeated Plaintiffs' Motion to Conditionally Certify a Class [Dkt. 100]; it successfully precluded Plaintiffs from amending their complaint to add more frivolous causes of action [Dkt. 100]; and it reached a stipulation to dismiss every plaintiff in this lawsuit *except* Toby Harris [Dkt. 109].

On December 21, 2012, this Court granted the parties' stipulation of dismissal, which dismissed all plaintiffs and their claims (each side to bear its own attorneys' fees and costs), except for Plaintiff Toby Harris' individual cause of action for wrongful discharge. [Dkt. 109]. Harris insisted on maintaining his baseless wrongful termination claims against Go Daddy, which he asserted under A.R.S. § 23-1501, A.R.S. § 23-364, and 29 U.S.C. § 215(a)(3). [Dkt. 35 at pp. 8-9]. Shortly thereafter, Harris' attorneys withdrew from representing him in this case. [Dkt. 107]. Because Harris refused to voluntarily dismiss his wrongful termination claims in December 2012, Go Daddy was required to continue its vigorous defense of those claims, which included propounding and responding to written discovery requests, preparing supplemental disclosure statements, and taking the depositions of Plaintiff Harris and his primary witness, Casey Corbin. *See* Naylor Aff. ¶ 6. Go Daddy incurred significant fees and costs defending against Harris' wrongful termination claims, after Harris refused to dismiss those claims in December 2012. Naylor Aff. ¶¶ 4-5.

For his part, Plaintiff Harris did virtually nothing to advance his claims in Court, but instead began filing vexatious pleadings and agency complaints against Go Daddy relating to this lawsuit as well as his other frivolous lawsuit against Go Daddy, styled *Flournoy, et al. v. The Go Daddy Group, Inc.*, No. 12-cv-00370-SRB (the "Flournoy Action"). Plaintiff Harris filed these pleadings with the intent to embarrass, annoy and harass Go Daddy and its counsel. For example, Plaintiff Harris filed vexatious and frivolous State Bar complaints against the undersigned attorneys. [Dkt. 135, p. 6]. Harris filed vexatious and frivolous FBI complaints accusing Go Daddy and its "corrupt attorneys" of "bribing" his former attorney to withdraw from representing him. [Dkt. 135, p. 6].[1] Harris filed vexatious and frivolous Arizona Attorney General complaints against Go Daddy. [*See* Flournoy Action, Dkt. 59, p. 4]. In this action and the Flournoy Action, which is pending before Judge Bolton, Plaintiff accuses Go Daddy of asking the Court to conceal and cover up its "criminal violations" and of "threatening" him during his deposition. [Dkt. 135, p. 6]. Plaintiff accuses Go Daddy of "stealing" and "commit[ting] payroll fraud upon the workforce," "physically threaten[ing] and intimidate[ing] employees that ask to be paid their earnings," and Plaintiff accuses the Court of "stripping the [Plaintiffs] of their legal team before trial, without any proper cause" such that they cannot "receive a fair and impartial trial in this Court." [Flournoy Action, Dkt. 59, pp. 2, 9]. All of these frivolous filings and vexatious and harassing allegations were made in filings prepared by Plaintiff Harris alone, *after* his counsel moved to withdraw in December 2012. Uninhibited by counsel or the rules of court, Plaintiff essentially acknowledged his abuse of the court system in a recent filing in which he states, "It is anticipated that Godaddy [sic] may argue 'Malicious Prosecution', and plaintiffs respond: *bring on that argument*." [Flournoy Action, Dkt. 59, p. 7 (emphasis added)].

After refusing to dismiss his wrongful discharge claims as part of the parties' December 2012 stipulation (and thereby requiring Go Daddy to incur attorneys' fees and

---

[1] *See also* example of one FBI complaint by Plaintiff Harris, published on his blog available at: http://www.chargebackconsultant.com/www.chargebackconsultant.com/Chargebackconsultant.com_files/FBI%20Letter131.pdf (last accessed June 22, 2013).

1  costs defending those frivolous claims), Plaintiff Harris filed a motion to voluntarily
2  dismiss his FLSA wrongful discharge claim, pursuant to Rule 41(a)(2) on March 4, 2013.
3  [Dkt. 146].  Plaintiff's stated purpose for moving to dismiss his FLSA wrongful discharge
4  claim (brought under 29 U.S.C. § 215(a)(3)) was to strategically divest this Court of
5  jurisdiction and have his claim remanded to Superior Court.  [Dkt. 126].  The reason
6  Plaintiff Harris sought to move his case back to Superior Court is because he believes this
7  Court committed:

> [P]ossible constitutional violations of due process rights and public corruption which may have prejudiced the Plaintiff party by an unlawful reassignment of presiding Judge…and by the Court subsequently burning the Statue [*sic*] of limitations time clock by holding the ruling for nearly one year, in favor of the defense to prevent a re-filing of claims. This amounted to a 'bleeding out' of the claims filed by the Plaintiff….

13  [Dkt. 111, p. 4].  Plaintiff Harris' purported "concerns" about due process violations lack
14  any good faith basis and are not rooted in reality.  More importantly, however, Plaintiff
15  was aware of these "concerns" in December 2012 when he refused Go Daddy's offer to
16  walk away from his retaliation claims (with each party to bear its own fees and costs).
17  Nevertheless, Plaintiff insisted on maintaining his baseless FLSA retaliation claim for
18  months longer before eventually dismissing it, which forced Go Daddy to unnecessarily
19  incur attorneys' fees and costs defending that claim.
20      Go Daddy did not oppose Plaintiff's motion to voluntarily dismiss his FLSA claim,
21  but Go Daddy requested an award of its fees and costs incurred in defending against the
22  same.  [Dkt. 130, p. 2].  This Court granted Plaintiff's motion and entered judgment
23  dismissing Plaintiff's FLSA wrongful discharge claim and remanding his case to Superior
24  Court.  [Dkt. 138].  Plaintiff Harris' vexatious conduct and his frivolous filings have
25  unnecessarily increased the cost of this litigation, and an award of attorneys' fees and
26  costs to Go Daddy is justified.

28  / / /

## II. ARGUMENT

### A. Eligibility and Entitlement.

Pursuant to 28 U.S.C. § 1927, a litigant who multiplies case proceedings unreasonably and vexatiously may be required by the court to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. *Id*. The Ninth Circuit has held that fee awards under Section 1927 may be levied against *pro se* plaintiffs as well as lawyers. *Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991). Additionally, federal courts have the inherent power to assess attorneys' fees against litigants in response to abusive litigation practices. *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (courts have the inherent power to assess attorneys' fees against litigants who act in bad faith, wantonly, vexatiously, or for oppressive reasons.). A district court may impose sanctions if it "specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir. 2001). Courts may exercise this inherent power to award attorneys' fees against *pro se* litigants. *See Hussein v. Frederick*, 436 Fed.Appx. 831 (9th Cir. 2011) (affirming award of attorneys' fees against *pro se* appellant pursuant to the court's inherent powers); *Sassower v. Field,* 973 F.2d 75, 80-81 (2d Cir. 1992) (district court may, pursuant to its inherent authority, impose attorney's fees on unsuccessful *pro se* litigant if litigant acts in bad faith, vexatiously, wantonly, or for oppressive reasons); *Wheeler v. C.I.R.* 521 F.3d 1289, 1291–92 (10th Cir. 2008) (*pro se* status does not insulate a litigant from being sanctioned and a court has inherent power to impose sanctions to deter frivolous filings).

Go Daddy moves this Court for an award of its fees and costs incurred in defending against Plaintiff Harris' FLSA wrongful discharge claim. An award of fees and costs is justified here on at least three grounds. First, Plaintiff Harris' FLSA wrongful discharge claim was frivolous, as evidenced by his decision to voluntarily dismiss it pursuant to Rule 41(a)(2) without ever attempting to prosecute it. Additionally, Plaintiff dismissed

his FLSA retaliation claim in June 2013 based on alleged abuses he accuses this Court of committing in mid-2012 and earlier. [Dkt. 111, p. 4]. In addition to lacking a good faith basis for accusing this Court of due process (and other) violations, Harris was aware of the facts underlying his due process allegations in December 2012 when he refused Go Daddy's offer to dismiss his retaliation claims with each party to bear its own fees and costs.[2] Harris elected to maintain his retaliation claims, and in doing so caused Go Daddy to incur significant and unnecessary fees and costs defending his claims for several more months. The only discernable reason Harris could have had for refusing to dismiss his FLSA retaliation claim in December 2012 (based on facts that were known to him at the time) was to force Go Daddy to continue to spend money defending his baseless claims. Harris' conduct was vexatious, wanton, and bad faith, thus justifying an award of attorneys' fees and costs under 28 U.S.C. § 1927 and this Court's inherent power.

      Second, Plaintiff Harris has multiplied these case proceedings unreasonably and vexatiously by filing numerous pleadings in bad faith for the sole purpose of harassing, annoying and embarrassing Go Daddy and its counsel. Plaintiff's frivolous filings (examined and quoted in detail in Section I., *supra*) served no productive purpose in this lawsuit, and amounted to nothing more than vicious, personal, and false attacks on Go Daddy. Additionally, Plaintiff's decision to file numerous agency complaints (with the FBI, Arizona State Bar, and Arizona Attorney General's Office) against Go Daddy and its counsel needlessly increased Go Daddy's cost of defense, and was done in bad faith with the purpose of further harassing and embarrassing Go Daddy. Plaintiff's misconduct and abuse of the court system justifies an award of fees and costs under 28 U.S.C. § 1927 and this Court's inherent power.

      Finally, with respect to its request for costs, Go Daddy is clearly the prevailing party in this litigation, and is therefore entitled to an award of its costs – independent of the statutes authorizing attorneys' fees and costs above – under LRCiv. 54.1(d) and A.R.S.

---

[2] Specifically, in Dkt. 111, p. 4, Harris accuses the Court of improperly reassigning this case to Judge McNamee on August 9, 2011 [Dkt. 57], and he accuses the Court of delaying its ruling on Plaintiff's Motion for Conditional Certification, which was handed down on September 24, 2012 [Dkt. 100].

1  § 12-341. Where a plaintiff's claim is dismissed under Rule 41(a)(2), the defendant may
2  be considered the successful party for purposes of recovering costs pursuant to A.R.S. §
3  12–341. *Harris v. Reserve Life Ins. Co.*, 158 Ariz. 380, 385, 762 P.2d 1334, 1339 (Ct.
4  App. 1988). Additionally, having prevailed against Plaintiffs at every stage of this
5  litigation, including the present dismissal of Plaintiff Harris' FLSA wrongful discharge
6  claim, Go Daddy is the prevailing party for purposes of an award of costs under Rule
7  54(d)(1) and LRCiv. 54.1(d).

8        **B.**    **Reasonableness of Requested Award.**

9        Go Daddy is not seeking an award of all of its attorneys' fees and costs incurred in
10 defending against this lawsuit. Go Daddy is not even seeking all of its fees and costs
11 incurred in defending against Plaintiff Harris' claims. Rather, Go Daddy seeks to recover
12 the fees and costs it was forced to incur defending against Plaintiff Harris' now-dismissed
13 FLSA retaliation claim. Go Daddy offered Harris the chance to dismiss his FLSA
14 retaliation claim in December 2012, with each party to bear its own fees and costs, but
15 Harris refused. Naylor Aff. ¶ 4. Harris later dismissed his claim voluntarily. [Dkt. 126].
16 Accordingly, Go Daddy only seeks an award of the fees and costs it spent defending
17 against Harris' FLSA retaliation claim from January 2013 to the present.

18       Beginning in January 2013, Harris was the sole remaining Plaintiff in this lawsuit,
19 and his wrongful discharge claims were the only remaining claims. Since January 2013,
20 Go Daddy spent approximately $62,000.00 in attorneys' fees and $2,418.69 in costs
21 defending against Harris' wrongful discharge claims. Naylor Aff. ¶ 5. Go Daddy has
22 narrowed its billing entries for this time period, however, in order to isolate only those
23 time entries that directly reflect work performed in furtherance of Go Daddy's defense to
24 Plaintiff Harris' wrongful discharge cause of action. Naylor Aff. ¶ 6. These time entries
25 reflect work spent preparing for and conducting depositions, drafting and responding to
26 written discovery, and filing responses to Plaintiff's various frivolous filings. Naylor Aff.
27 ¶ 6. After isolating these time entries, Go Daddy applies for an award of $29,441.00 in
28

attorneys' fees and $2,418.69 in costs, or such other amount as the Court deems reasonable and proper.

### III.  CONCLUSION

For the reasons set forth above, Go Daddy seeks an award against Plaintiff Harris of $29,441.00 in attorneys' fees and $2,418.69 in costs, or in such other amount as this Court deems reasonable and proper. An award of attorneys' fees and costs is justified pursuant to Rule 54(d)(1), A.R.S. § 12-341, 28 U.S.C. § 1927 and this Court's inherent authority.

RESPECTFULLY SUBMITTED this 24th day of June, 2013.

**BURNSBARTON LLP**

By: *s/Benjamin J. Naylor*
David T. Barton
C. Christine Burns
Benjamin J. Naylor
*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

I further certify that on June 24, 2013, I served a copy of the foregoing via U.S. Mail on the following:

Toby A. Harris
13602 N. 44th Street, #149
Phoenix, AZ 85032
Plaintiff *pro per*

*s/Michelle R. Leach*